United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. H-26-0416 |
| NORTH FREEWAY AUTO STORAGE AND SALES, INC., *et. al.*, | § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court are Defendants' Cisneros and Ortiz's Combined Rule 12(b)(1) Motion to Dismiss or Stay, Alternative Motion, Answer, and Counterclaim for Declaratory Judgment (Document No. 10), and Atlantic Casualty Insurance Company's Motion to Dismiss Defendants Marselina Cisneros and Erica Ortiz's Counterclaim (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines that Defendants' motion should be denied and Plaintiff's motion should be granted.

## I. BACKGROUND

This is a declaratory judgment matter involving an underlying State Court Case, Cause No. 2025-75646 in the 234th District Court of Harris County, Texas (the "State Court Case"). The State Court Case involves the fatal shooting of Christian Segundo ("Segundo"), who was dropping off a towed vehicle at Defendant

North Freeway Auto Storage and Sales ("North Freeway Auto Storage") when he was killed. Plaintiff Atlantic Casualty Insurance Co. ("Plaintiff") insured North Freeway Auto Storage at the time of Segundo's killing. Defendants Marselina Cisneros ("Cisneros"), individually and as administrator of the estate of Segundo, and Erica Ortiz ("Ortiz"), individually and as next friend of C.S.J. and N.S. appear in this matter as interested parties.

On January 20, 2026, Plaintiff filed the current matter seeking a declaration that it has no duty to indemnify North Freeway Auto Storage or pay insurance proceeds to Cisneros or Ortiz for the death of Segundo.[1] On February 19, 2026, Cisneros and Ortiz (collectively "Individual Defendants") answered, moving to dismiss Plaintiff's Complaint and asserting a counterclaim for declaratory judgment (the "Counterclaim").[2] On March 12, 2026, Plaintiff responded in opposition to the Individual Defendants' motion to dismiss.[3] On that same day, Plaintiff moved to

---

[1] *See Plaintiff's Complaint*, Document No. 1 at 2.

[2] *See Defendants' Cisneros and Ortiz's Combined Rule 12(b)(1) Motion to Dismiss or Stay, Alternative Motion, Answer, and Counterclaim for Declaratory Judgment*, Document No. 10 at 1.

[3] *See Plaintiff Atlantic Casualty Insurance Company's Response to Defendants' Motion to Dismiss*, Document No. 14 at 1.

dismiss the Individual Defendants' Counterclaim.[4] On April 7, 2026, the Individual

Defendants responded in opposition to Plaintiff's motion to dismiss.[5]

## II. LAW AND ANALYSIS

The Court will consider, in turn, the Individual Defendants' pending motion

to dismiss followed by Plaintiff's pending motion to dismiss the Individual

Defendants' Counterclaim.

*A. Individual Defendants' Motion*

The Individual Defendants move to dismiss Plaintiff's Complaint contending

that: (1) this Court should abstain because proceedings simultaneously in federal and

state court risk inconsistent findings; and (2) the duty to indemnify issue is not ripe.[6]

In response, Plaintiff contends that this Court should exercise jurisdiction and that

the duty to indemnify issue is ripe.[7] Having considered the motion, submissions, and

---

[4] *See Atlantic Casualty Insurance Company's Motion to Dismiss Defendants Marselina Cisneros and Erica Ortiz's Counterclaim*, Document No. 13 at 1.

[5] *See Defendants' Reply in Support of Their Counterclaims and in Opposition to Plaintiff's Motion to Dismiss*, Document No. 15 at 1.

[6] *See Defendants' Cisneros and Ortiz's Combined Rule 12(b)(1) Motion to Dismiss or Stay, Alternative Motion, Answer, and Counterclaim for Declaratory Judgment*, Document No. 10 at 2–3. The Court notes the Individual Defendants' "alternative argument regarding duty to defend." *Id.* at 3–4. The Court notes that this argument goes to whether Plaintiff has a duty to defend. To the extent this is a motion to dismiss Plaintiff's declaratory judgment claim as to the duty to defend, that is denied. The Court will continue this alternative argument to the extent it becomes timely and relevant in this matter.

[7] *See Plaintiff Atlantic Casualty Insurance Company's Response to Defendants' Motion to Dismiss*, Document No. 14 at 3, 11.

applicable law, the Court elects to exercise jurisdiction and finds that the duty to indemnify issue is ripe.[8] Based on the foregoing, the Court finds that the Individual Defendants' motion to dismiss should be denied. The Court will now consider Plaintiff's pending motion to dismiss the Individual Defendants' Counterclaim.

*B. Plaintiff's Motion*

The Individual Defendants bring a Counterclaim against Plaintiff seeking "a declaration that Atlantic Casualty owes a duty to defend and that indemnity cannot be adjudicated until liability is determined."[9] Plaintiff moves to dismiss the Counterclaim contending, in relevant part, that the Individual Defendants lack standing.[10] In response, the Individual Defendants contend that they have standing. To establish standing, a party must show an injury in fact, "a causal connection between the injury and the conduct complained of[,]" and it must be likely "as

---

[8] The Court notes that this matter concerns the contractual relationship between insurer and insured. The parallel State Court Case concerns liability for a shooting. Accordingly, the Court finds there is no risk of contradictory findings. With respect to ripeness of the duty to indemnify issue, the Court notes *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (holding that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."). The Court notes that the same policy exclusion could preclude both the duty to defend and duty to indemnify. As such, the issue is ripe.

[9] *Defendants' Cisneros and Ortiz's Combined Rule 12(b)(1) Motion to Dismiss or Stay, Alternative Motion, Answer, and Counterclaim for Declaratory Judgment*, Document No. 10 at 5.

[10] *See Atlantic Casualty Insurance Company's Motion to Dismiss Defendants Marselina Cisneros and Erica Ortiz's Counterclaim*, Document No. 13 at 5.

4

opposed to merely 'speculative' . . . that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation omitted).

Plaintiff contends that the Individual Defendants cannot "satisfy these requirements with respect to their Counterclaim because they are not insureds under the Policy."[11] In response, the Individual Defendants contend, in relevant part, that "the injury is redressable by a favorable declaration that coverage exists."[12] The Court notes that the Individual Defendants' argument assumes success on the merits in the underlying State Court Case. As such, the potential of "redress by a favorable decision" is speculative. Based on the foregoing, and the clear guidance of the Supreme Court that the alleged injury must be likely to be redressed by a decision, not just speculative, the Court finds that the Individual Defendants lack standing as to their Counterclaim.[13] As such, the Court finds that Plaintiff's motion should be granted.

---

[11] *Atlantic Casualty Insurance Company's Motion to Dismiss Defendants Marselina Cisneros and Erica Ortiz's Counterclaim*, Document No. 13 at 6.

[12] *Defendants' Reply in Support of Their Counterclaims and in Opposition to Plaintiff's Motion to Dismiss*, Document No. 15 at 2.

[13] Considering the Court's finding that the Individual Defendants lack standing as to their Counterclaim, the Court declines to consider Plaintiff's remaining arguments that the Counterclaim is duplicative.

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Cisneros and Ortiz's Combined Rule 12(b)(1) Motion to Dismiss or Stay, Alternative Motion, Answer, and Counterclaim for Declaratory Judgment (Document No. 10) is **DENIED**. The Court further

**ORDERS** that Atlantic Casualty Insurance Company's Motion to Dismiss Defendants Marselina Cisneros and Erica Ortiz's Counterclaim (Document No. 13) is **GRANTED**. The Court further

**ORDERS** that Defendants Cisneros and Ortiz's Counterclaim against Plaintiff Atlantic Casualty Insurance Company is hereby **DISMISSED**.

SIGNED at Houston, Texas, on this _30_ day of July, 2026.

DAVID HITTNER
United States District Judge

6